UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:25-cr-00021-CEA/MJD |
| | ) | |
| JOSHUA MULLINS | ) | |

**REPORT AND RECOMMENDATION**

On March 4, 2026, this Court conducted a plea hearing pursuant to 28 U.S.C. § 636(b). At the hearing, Defendant moved to withdraw his not guilty plea to Count One of the Indictment and entered a plea of guilty to Count One of the Indictment in exchange for the undertakings made by the Government in the written plea agreement [Doc. 64]. On the basis of the record made at the hearing, this Court finds: (1) Defendant is fully capable and competent to enter an informed plea; (2) Defendant made the plea knowingly and with full understanding of each of the rights he waived; (3) Defendant made the plea voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; (4) Defendant understands the nature of the charge and penalties provided by law; and (5) the plea has a sufficient basis in fact.

Therefore, this Court **RECOMMENDS** Defendant's motion to withdraw his not guilty plea to Count One of the Indictment be granted, his plea of guilty to Count One of the Indictment be accepted, the District Judge adjudicate Defendant guilty of the charges set forth in Count One of the Indictment, and a decision on whether to accept the plea agreement be deferred until sentencing. This Court further **RECOMMENDS** Defendant remain in custody until sentencing in this matter. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement [Doc. 64], and imposition of sentence are specifically reserved for the District Judge.

**ENTER**:

s/ _MIKE DUMITRU_
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).

2